IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WILLIAM HAYES, on behalf of
himself and all others
similarly situated,

          Plaintiff,

   v.

WAL-MART STORES INC. d/b/a
SAM'S CLUB,

          Defendant.

Civil No. 10-460 (JBS/KMW)


**OPINION**

APPEARANCES:

Keven Hal Friedman, Esq.
Victoria Hwang-Murphy, Esq.
Daniel R. Lapinski, Esq. (Argued)
WILENTZ GOLDMAN & SPITZER
90 Woodbridge Center Drive
Suite 900
Woodbridge, NJ 07095
    -and-
James C. Shah, Esq.
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107
    Attorneys for Plaintiff William Hayes

Paul H. Zoubek, Esq.
Charles B. Casper, Esq.
Stacy Alison Fols, Esq.
John Papianou, Esq. (Argued)
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
457 Haddonfield Road
Suite 600
Cherry Hill, NJ 08002
    Attorneys for Defendant Wal-Mart Stores Inc.


**SIMANDLE**, Chief Judge:

## I. Introduction

This matter comes before the Court upon a motion for summary judgment by Defendant Wal-Mart Stores, Inc. [Docket Item 66.] Plaintiff filed the instant action arising from Defendant's sale of allegedly valueless extended warranty plans on certain clearance items marked "as-is."

The principal issue presented is whether Plaintiff has sustained harm sufficient for Article III standing to assert claims for a violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, breach of contract, and unjust enrichment, where Defendant asserts that Plaintiff cannot show that the as-is item he purchased is excluded from the extended warranty plan.

For the reasons discussed below, the Court will grant Defendant's motion for summary judgment because Plaintiff has failed to establish injury-in-fact as to his purchase of an extended warranty plan on the as-is power washer.

## II. Background

### A. Factual Background

The facts of this case are described in detail in the Court's March 12, 2012 Opinion. See Hayes v. Wal-Mart, 281 F.R.D. 203 (D.N.J. 2012), vacated sub nom. Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349 (3d Cir. 2013). The following facts are those necessary to provide context for the instant motion.

Sam's Club is a chain of membership-only retail warehouse clubs owned and operated by Wal-Mart Stores Inc. (Defendant's Statement of Undisputed Material Facts ("Def. SMF") [Docket Item 66-1] ¶ 1.) Sam's Club has a clearance section containing products sold "as-is," which are marked with an orange sticker. (Id. ¶ 2.) The as-is section contains items at marked-down prices because they are (1) display items (i.e., removed from their packaging to show to members), (2) returned items (i.e., purchased and then returned), (3) "last one" items (i.e., brand-new but Sam's Club wants to clear its inventory, and (4) damaged items (i.e., damaged in Sam's Club). (Id. ¶ 3.)

Sam's Club offers its members the option of purchasing extended warranties ("Service Plans") through National Electronics Warranty Corp. ("N.E.W."). (Deposition of Patricc Quinn on February 17, 2011 ("Quinn Dep.") [Docket Item 27-6] 11:17-19; 25:3-6.) The Service Plans expressly exclude "products sold 'as is' including but not limited to floor models (unless covered by a full manufacturer's warranty on your date of purchase) and demonstration models." (Def. SMF ¶ 5.) Thus, the Service Plans cover as-is products that have a manufacturer's warranty. N.E.W. is responsible for training Sam's Club employees on the sale of Service Plans. (Marketing and License Agreement, Lapinski Cert. Ex. 2 [Docket Item 68-2.]) In addition, Sam's Club has instructed its employees to "Offer

Every Time" when selling Service Plans. (Quinn Dep. 62:7-23;
63:22-25.)

   In August 2008, Plaintiff purchased an as-is power washer
for $100.00 and a one-year Service Plan for $5.26. (Def. SMF ¶
6.) Plaintiff was never informed by anyone that the Service Plan
specifically excluded as-is products. (Deposition of William
Hayes on March 4, 2011 ("Hayes Dep.") [Docket Item 27-11]
121:11-15.) Plaintiff has no recollection of whether his power
washer came with a manufacturer's warranty. (Hayes Dep. 76:13-
23.) Plaintiff does not recall if, at the time of purchase, the
power washer was in a box or if he received any written
materials relating to a manufacturer's warranty. (Hayes Dep.
15:15-16:3; 19:13-17.) Plaintiff never had a problem with the
power washer and never had a reason to call N.E.W. or register
or use the Service Plan. (Def. SMF ¶ 8.)

   Similarly, on July 1, 2009, Plaintiff purchased a Vizio
television from Sam's Club. (Hayes Dep. 31:12-16.) The
television was sold to Plaintiff as an as-is product. (Hayes
Dep. 35:15-22; 36:10-21.) At the time of purchase, the Sam's
Club cashier offered Plaintiff a Service Plan, despite the
product being sold as-is. Plaintiff purchased the Service Plan
for $39.85. (Hayes Dep. 42:7-44:21.) Plaintiff was never
informed by anyone that the Service Plan specifically excluded
as-is products. (Hayes Dep. 121:11-15.)

4

When Plaintiff brought the television home, he noticed the remote control was missing. (Hayes Dep. 40:24-41:19; 52:15-53:20.) Plaintiff returned to Sam's Club and was given a remote control that did not work. (Hayes Dep. 57:6-58:2.) Plaintiff returned again to Sam's Club and was advised by a Sam's Club employee, Sheena Wyckoff, that the Service Plan he purchased did not cover as-is products. (Hayes Dep. 62:9-63:16; 69:1-70:8.) Defendant offered a refund of the cost of the Service Plan; however, Plaintiff declined. Instead of refunding the Service Plan, Defendant then gave Plaintiff a new remote control. (Hayes Dep. 74:4-13.) Wyckoff certifies that "[t]he fact that Mr. Hayes purchased a Service Plan was irrelevant, as his television set had not malfunctioned and did not require repair. Nonetheless, I advised Mr. Hayes that Sam's Club should not have sold him the Service Plan because as-is items are technically excluded from coverage under the Service Plan (unless covered by a full manufacturer's warranty)." (Declaration of Sheena M. Wyckoff ("Wyckoff Decl."), Lapinski Cert. Ex. 8 [Docket Item 68-4] ¶ 14.)

Although N.E.W. has no obligation under the terms of the contract to address problems with as-is items, in February 2010, Ed Carlton, N.E.W.'s account manager for Sam's Club, explained that "if a Service Plan was sold for an orange label [as-is] item accidentally, we will honor the Plan; however, if a failure

occurs and it cannot be repaired, the only option for the Members is the original purchase price (not a comparable product)." (Deposition of Dona Fellows on February 17, 2011 ("Fellows Dep.") [Docket Item 66-3] 61:7-11; Declaration of Dona Fellows ("Fellows Decl."), Papianou Cert. Ex. 4 [Docket Item 66-3] ¶ 11.)

During discovery, Sam's Club searched for complaints and inquiries it received regarding the sale of Service Plans for as-is items and identified only two such instances. (Def. SMF ¶ 14.) In both instances, N.E.W. and Sam's Club refunded the purchase price of the respective items. (Id. ¶ 15.) The decision to reimburse a Sam's Club Member his or her original purchase is consistent with the Service Plan Terms and Conditions, which provide, "For any single claim, the limit of liability under this Contract is the least of the cost of (1) the total authorized repairs performed, up to the purchase price of the Product . . . or . . . the price that You paid for the Product." (Id. ¶ 16.)

**B. Procedural Background**

On January 26, 2010, Plaintiff filed the instant Class Action Complaint against Defendant on behalf of himself and all other persons who purchased Service Plans on as-is products from January 26, 2004 to the present in the State of New Jersey. [Docket Item 1.] The Complaint alleges violations of the New

6

Jersey Consumer Fraud Act, breach of contract and unjust enrichment as a result of Defendant's practice of selling Service Plans to cover as-is products without first informing Plaintiff or Class members that the Service Plans do not cover such products.

On March 12, 2012 this Court entered an Order granting Plaintiff's motion for Rule 23 class certification and certified a class consisting of:

> All consumers who, from January 26, 2004 to the present, purchased from Sam's Clubs in the State of New Jersey, a Sam's Club Service Plan to cover as-is products. Excluded from the Class are consumers whose as-is product was covered by a full manufacturer's warranty, was a last-one item, consumers who obtained service on their product, and consumers who have previously been reimbursed for the cost of the Service Plan.

[Docket Item 48.] The Court further ordered, however, that Plaintiff's claims surrounding his purchase of the television be dismissed as moot because he had suffered no harm and had been offered the full refund on the item. Id.; see also Hayes v. Wal-Mart, 281 F.R.D. 203, 215-16 (D.N.J. 2012). Defendant appealed and the Third Circuit remanded for reconsideration of the ascertainability of such a class in light of Marcus v. BMW of North America, LLC, 687 F.3d 583 (3d Cir. 2012), decided after this Court's decision on class certification. Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349 (3d Cir. 2013). In addition to discussing concerns regarding ascertainability and numerosity,

the Court of Appeals raised sua sponte the issue of Plaintiff's standing.

The Third Circuit agreed that the claims arising from Plaintiff's television purchase were moot. Id. at 361 n.10. The Court of Appeals stated: "We agree with the trial court that Hayes' purchase of a Service Plan for his television set cannot form the basis for class certification because it was honored when Sam's Club replaced the missing remote. Sam's Club also offered to refund Hayes the cost of that Service Plan, but Hayes refused to accept the refund." Id. Accordingly, it has already been determined that Plaintiff has suffered no injury arising from his television Service Plan purchase, and Plaintiff thus lacks standing herein to pursue such a claim. The issue remaining before this Court is whether Plaintiff's power washer Service Plan purchase gives rise to standing to pursue his claim.

Following a status conference on September 20, 2013, the Court entered a scheduling Order temporarily staying discovery regarding class certification and the merits pending determination of Defendant's motion to dismiss for lack of Article III standing. [Docket Item 63.] The Court's Order permitted additional discovery, if necessary, related to the issue of Plaintiff's injury for the purposes of Article III standing, including discovery directed at obtaining the

manufacturer's warranty, if any, on the power washer device at
issue.

On October 18, 2013, Defendant filed the instant motion for
summary judgment for lack of Article III standing. While the
Third Circuit directed the Court, if it certifies the class on
remand, to determine "whether [Plaintiff] falls within the
amended class definition and sustained an injury," Hayes, 725
F.3d at 361, the only issue before the Court on Defendant's
present motion is Article III standing.

## III. Discussion

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a). A dispute is "genuine" if "the evidence is such that a
reasonable jury could return a verdict for the non-moving
party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986). A fact is "material" only if it might affect the outcome
of the suit under the applicable rule of law. Id. Disputes over
irrelevant or unnecessary facts will not preclude a grant of
summary judgment. Id. The district court must "view the facts
and draw reasonable inferences in the light most favorable to
the party opposing the summary judgment motion." Scott v.
Harris, 550 U.S. 372, 378 (2007). A motion for summary judgment

is an appropriate procedure to address the standing issue at this stage of the litigation. See Fair Hous. Council of Suburban Philadelphia v. Montgomery Newspapers, 141 F.3d 71 (3d Cir. 1998).

### B. Analysis

Defendant argues for summary judgment in its favor because Plaintiff has failed to establish injury-in-fact and therefore lacks Article III standing on two grounds. First, Defendant notes that Plaintiff has produced no evidence that his as-is power washer did not come with a manufacturer's warranty and thus would not be covered under the terms of the Service Plan. Second, Defendant argues that even if Plaintiff's power washer did not come with a manufacturer's warranty, he still lacks Article III standing because he has suffered no actual harm and any claim of future harm is speculative.

Plaintiff responds that Plaintiff suffered injury-in-fact because he paid money for a product with no value and received no consideration from Defendant. Plaintiff asserts three arguments in opposition to Defendant's motion: (1) Plaintiff has proffered evidence that there was not a full manufacturer's warranty covering the as-is power washer at the time of sale; (2) Plaintiff's own experience with the as-is television refutes Defendant's argument because he never received service on the television and the Service Plan was not honored by Defendant;

and (3) Plaintiff suffered injury-in-fact when he was sold
Service Plans that were valueless because the products
purportedly covered under the Plans were expressly excluded.

The Court finds that Plaintiff lacks standing because he
has adduced no evidence that the as-is power washer was not
covered by a manufacturer's warranty and thus excluded from
coverage under the Service Plan. Also, the evidence in the
record supports the inference that, even without a
manufacturer's warranty, Defendant would honor the Service Plan
Plaintiff purchased for the power washer and Plaintiff has
presented no evidence to the contrary.

### 1. Article III Standing

Federal courts are courts of limited jurisdiction and may
only consider those actions that meet the case-or-controversy
requirements of Article III of the Constitution. Essential to
Article III jurisdiction is the doctrine of standing. Friends of
the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,
528 U.S. 167, 180 (2000). To meet the minimal constitutional
mandate for Article III standing plaintiffs must show (1) an
"injury in fact," (2) "a causal connection between the injury
and the conduct complained of," and (3) that the injury will
"likely" be "redressed by a favorable decision." Lujan v.
Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

The Third Circuit has recognized that "the injury-in-fact element is often determinative." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 245 (3d Cir. 2012) (citing Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir. 2009)). An "injury in fact" is defined as "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560. The Supreme Court has interpreted the requirement that an injury be "concrete and particularized" to preclude harms that are suffered by many or all of the American people. Id. at 573–74. "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." Id. at 563.

The party invoking federal jurisdiction bears the burden of establishing the elements of standing. Id. at 561. "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Id.; Focus v. Allegheny Cnty. Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996). "In response to a summary judgment motion . . . the plaintiff . . . must 'set forth' by affidavit

12

or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." Lujan, 504 U.S. at 561 (citing Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 115, n.31 (1979) (internal citation omitted)).

> ### 2. Evidence of Manufacturer's Warranty on Plaintiff's As-Is Power Washer

Defendant argues that Plaintiff has failed to provide any evidence to support a finding that the as-is power washer was not covered by a manufacturer's warranty. Plaintiff responds that that Defendant's argument requires Plaintiff to prove a negative and the only evidence in the record establishes that the as-is power washer was not covered by a full manufacturer's warranty.

As noted, this Court in granting class certification excluded from the class definition any consumer who purchased a Service Plan for an as-is product that was covered by a full manufacturer's warranty at the date of purchase. Hayes v. Wal-Mart, 281 F.R.D. 203, 211 (D.N.J. 2012). The Third Circuit in raising the issue of standing expressed concern that Plaintiff may not meet the class definition and may not have suffered an injury. The Court of Appeals stated, "Hayes only incurred an injury--e.g., being defrauded or paying for a valueless product--if the as-is product for which he purchased a Service Plan was explicitly excluded from Service Plan coverage, since,

importantly, Hayes does not contend that he ever sought service on his power washer and was denied." Id. at 361. Therefore, the critical question is whether the as-is power washer purchased by Plaintiff was covered by a manufacturer's warranty and thus was not excluded from Service Plan coverage.

Importantly, the evidence in the record is not what Plaintiff contends and fails to establish that Plaintiff's as-is power washer was not covered by a manufacturer's warranty. Plaintiff does not know if his power washer came with a manufacturer's warranty. Nor does he remember if the power washer was in a box or accompanied by written materials regarding a manufacturer's warranty at the time of purchase. Plaintiff makes no allegation that a manufacturer's warranty would be void unless Defendant informed him of it and/or provided the manufacturer's written materials with the item.

Plaintiff also relies on two email exchanges between Sam's Club employees, including Dona Fellows, and N.E.W.'s account managers for Sam's Club, Ed Carlton and Alison Maurhoff. In an email dated February 4, 2010, Ed Carlton states that "[t]he issue around orange label items is the warranty period. Those items are sold 'as-is' and do not come with a warranty from the manufacturer. Our service plan is designed to be sold with new items that come with a full mfg warranty." (Email from Ed Carlton dated February 4, 2010, Lapinki Cert. Ex. 3 [Docket Item

14

68-2].) In an email dated February 7, 2008 from Alison Maurhoff to Ed Carlton and Dona Fellows, Maurhoff writes that "Wal-Mart has stated that floor models are sold as-is. They do not carry any manufacturer coverage." (Email from Alison Maurhoff dated February 4, 2010, Lapinski Cert. Ex. 4 [Docket Item 68-2.])

However, as Defendant notes, these emails refer to specific as-is items that have been repaired, not all as-is items. See Email from Maurice Goodwin dated February 11, 2010, Lapinski Cert. Ex. 3 ("Most manufacturers void the remaining time left on their warranty when an item is returned by a consumer, repaired by the retailer then resold (even by an authorized provider)."); Email from Dona Fellows dated February 7, 2008, Lapinski Cert. Ex. 4 ("I encourage our clubs NOT to sell plans on demo and display models because there are too many fingers touching it and there are too many opportunities where the mfg warranty has bombed out . . . . I've repeated [sic] told clubs NOT to sell plans on returned and/or repaired items."). These email exchanges do not establish that all as-is items lack a full manufacturer's warranty.[1] Certainly, they do not address whether the as-is power washer Plaintiff purchased was covered by a manufacturer's warranty and there is no evidence in the record

---

[1] Additionally, Defendant notes that Dona Fellows testified that she has "no clue" if floor models that are sold as-is carry a manufacturer's warranty because she imagines "it depends on the item." (Fellows Dep. 61:18-23.)

that the power washer was repaired. Accordingly, Plaintiff has no evidence to demonstrate that his power washer lacks a manufacturer's warranty; thus, there is no evidence that the Service Plan he purchased would not cover his power washer.

Plaintiff also contends that his experience with the as-is television supports a finding of injury-in-fact, but Plaintiff may not establish standing based on claims the Court previously deemed moot. Plaintiff argues that a Sam's Club employee, Sheena Wyckoff, has certified that Plaintiff's purchase of a Service Plan was irrelevant to Defendant's decision to provide him with a new remote control for the television.[2] (Wyckoff Decl. ¶ 14.) Plaintiff ignores this Court's repeated acknowledgment that Defendant offered to refund Plaintiff the value of the Service Plan or provide a new remote control "despite the as-is

---

[2] Wyckoff's declaration states that she interacted with Plaintiff around July 2009 in her capacity as Membership Assistant Manager at Sam's Club in Deptford, New Jersey regarding his purchase of an as-is television set. After Plaintiff rejected Defendant's offers to reimburse him the cost of the Service Plan or the purchase price of the television, Plaintiff accepted from Defendant a new remote control for the television. Wyckoff certifies that "[t]he fact that Mr. Hayes purchased a Service Plan was irrelevant, as his television set had not malfunctioned and did not require repair. Nonetheless, I advised Mr. Hayes that Sam's Club should not have sold him the Service Plan because as-is items are technically excluded from coverage under the Service Plan (unless covered by a full manufacturer's warranty)." (Wyckoff Decl. ¶ 14.)

exclusion."[3] <u>Hayes v. Wal-Mart</u>, 281 F.R.D. 203, 216 (D.N.J. 2012). Plaintiff also disregards the fact that the Third Circuit agreed with this Court's reasoning as to mootness because Defendant honored the Service Plan when Defendant replaced the missing remote.[4] Plaintiff cannot now establish injury-in-fact based on claims the Court previously found moot.

Further, the case cited by Plaintiff for support actually undermines his position. In <u>Lexington Ins. Co. v. W. Pennsylvania Hosp.</u>, 423 F.3d 318, 320 (3d Cir. 2005), an insurance company sought declaratory judgment that it was not liable for payment of a medical malpractice claim against its insured because the insured notified the insurance company more

---

[3] This Court previously stated, "Despite the exclusion of as-is products from the Service Agreement, the Defendant offered the Plaintiff a refund of the Service Agreement or alternatively offered to honor the Service Agreement by providing the Plaintiff with a replacement remote. The Plaintiff chose to receive a replacement remote which was given to him by the Defendant. Therefore, the Service Agreement was honored despite the as-is exclusion and the Plaintiff was made whole." <u>Hayes v. Wal-Mart</u>, 281 F.R.D. at 216.

[4] The Third Circuit stated, "In this case, the issue of whether Hayes fits the class definition overlaps with the issue of whether he suffered an injury. Hayes only meets the class definition if the as-is power washer he purchased was not covered by a manufacturer's warranty." <u>Hayes v. Wal-Mart Stores, Inc.</u>, 725 F.3d 349, 361 (3d Cir. 2013). In a footnote, the Third Circuit continued, "We agree with the trial court that Hayes' purchase of a Service Plan for his television set cannot form the basis for class certification because it was honored when Sam's Club replaced the missing remote. Sam's Club also offered to refund Hayes the cost of that Service Plan, but Hayes refused to accept the refund." <u>Id.</u> at 361 n.10.

than a year and a half after the policy period ended. Upon review of the evidence proffered in opposition to the insurance company's motion for summary judgment, the Court of Appeals discussed deposition testimony in which an employee of the insured could not specifically recall conduct that would have provided the insurance company notice of the claim at issue. Id. at 332-33. Instead, the employee "assumed" that the insurance company had information about the claim. Id. at 332. The Court of Appeals concluded that this testimony was "too speculative" to create a genuine issue of fact and defeat a motion for summary judgment. Id. at 332-33. Similarly, Plaintiff here does not know whether the power washer was covered by a manufacturer's warranty. He cannot recall whether it came in a box or was accompanied by written materials regarding a warranty. Nevertheless, Plaintiff asks the Court to assume from the absence of evidence and his failed recollections that the power washer lacked a warranty. The Court cannot do so because an assumption is insufficient to create a genuine dispute of material fact.

In light of the above, there is no genuine dispute of material fact as to whether Plaintiff's as-is power washer was covered by a full manufacturer's warranty. After remand and being granted an opportunity for additional discovery on this specific issue relevant to standing, Plaintiff has failed to

18

provide any evidence that the as-is power washer was "explicitly excluded from Service Plan coverage."[5] Hayes, 725 F.3d at 361. A factfinder could not reasonably infer from the evidence adduced by Plaintiff that the as-is power washer lacked a manufacturer's warranty and was excluded from coverage. Moreover, where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case. Fed. R. Civ. P. 56(c)(1)(B); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Therefore, as framed by the Third Circuit, Plaintiff cannot establish injury-in-fact and thus lacks standing.

### 3. Actual or Future Harm

Defendant argues that, even if Plaintiff's power washer was not covered by a full manufacturer's warranty, he still lacks standing because he has not suffered any actual harm and the

---

[5] Given the opportunity for additional discovery on the issue of standing, we will never know more than we know now about Plaintiff's standing to assert his claims against Defendant. Plaintiff has not submitted a Rule 56(d) affidavit or in any other way indicated that the opportunities for discovery on Plaintiff's standing were insufficient. Additionally, it is not lost on the Court that, as the Third Circuit noted, the Article III standing issue is intertwined with whether Plaintiff satisfies the class definition as previously certified. Plaintiff's lack of evidence regarding his own experience with the power washer, even after an opportunity to conduct additional discovery, only reinforces concerns regarding ascertainability and numerosity.

risk of future harm is too speculative to constitute injury-in-fact. Defendant also contends that the evidence in the record shows that Defendant will honor Service Plans accidentally sold on as-is items.

Plaintiff responds that he was harmed at the time of sale when he purchased a Service Plan on an as-is product that was explicitly excluded from the Service Plan coverage.

Because Plaintiff's argument again assumes that the power washer was explicitly excluded from coverage because it did not have a manufacturer's warranty, the Court finds no evidence of actual harm to Plaintiff. Plaintiff's argument is essentially one of timing. He contends that "whether Sam's Club's conduct was unlawful is to be determined *at the time it sold a Service Plan* on an as-is product, not at the time Plaintiff attempted to obtain service on an as-is product pursuant to the terms of the Service Plan (if ever)." (Pl. Reply [Docket Item 68] at 10) (emphasis in original). Plaintiff correctly notes that the Court previously found that "Plaintiff and fellow class members suffered an ascertainable loss when they were sold a product, the Service Plan, that had no value because the product purportedly covered under the warranty was expressly excluded. The Plaintiff and absent class members paid money for a product with no value and received no consideration from the Defendant." Hayes v. Wal-Mart, 281 F.R.D. 203, 214 (D.N.J. 2012). However,

the Court's conclusion was premised on the understanding that the products purchased by Plaintiff and potential class members were in fact expressly excluded from coverage under the Service Plan. As noted above, Plaintiff has made no such showing. Even if the alleged injury occurred at the time of purchase and not when the consumer invokes the Service Plan, Plaintiff has not shown that his injury was not fully remedied prior to bringing this suit.

The Court agrees with Defendant that Plaintiff's injury is merely speculative because Plaintiff cannot show that the power washer was excluded from Service Plan coverage[6] and the evidence of record shows that Defendant has a consistent business practice of honoring Service Plans sold on as-is items. It is undisputed that Plaintiff never had a problem with the power washer, never had a reason to register or use the Service Plan, and never was denied coverage. Even if Plaintiff did, the evidence in the record, including Plaintiff's own experience with the as-is television, shows that Defendant would honor Service Plans sold for an as-is item accidentally. Dona Fellows

---

[6] Plaintiff's injury is speculative regardless of when the injury occurred because "one cannot describe how the [Plaintiff] will be injured without beginning the explanation with the word 'if.'" Reilly v. Ceridian Corp., 664 F.3d 38, 43 (3d Cir. 2011) (citing Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 297-98 (3d Cir. 2003)). Plaintiff will only suffer injury if the power washer is not covered by a manufacturer's warranty, a fact that by Plaintiff's own admission is unknown.

certifies that in her capacity as Project Specialist for Sam's Club, she frequently handled member complaints with respect to Service Plans and often communicated with N.E.W. to resolve issues. (Fellows Decl. ¶ 3.) Fellows affirms that Ed Carlton, N.E.W.'s account manager for Sam's Club, wrote in an email dated February 11, 2010, "[R]emember that if a Service Plan was sold for an orange label item accidentally, we will honor the Plan; however, if a failure occurs and it cannot be repaired, the only option for the Member is the original purchase price (not a comparable product)." (Fellows Decl. ¶ 11; Ex. 3 to Fellows Decl.)

Moreover, after searching for complaints and inquiries it received regarding the sale of Service Plans on as-is items since 2003, Defendant's records show that the customer received a refund of the purchase price of the items on the only two occasions identified. (Id. ¶¶ 5-8.) These instances are consistent with Plaintiff's experience with the as-is television. Therefore, the only reasonable inference from the evidence in the record is that Defendant would honor Plaintiff's Service Plan even if accidentally sold on an as-is item excluded from coverage under the Plan. While Defendant may not be contractually obligated to do so, the evidence supports a consistent business practice of honoring mistakenly sold Service Plans that renders Plaintiff's injury speculative at best.

22

Further, Plaintiff is unable to persuasively distinguish case law cited by Defendant for the proposition that fear of future harm is insufficient to establish injury-in-fact. In Koronthaly v. L'Oreal USA, Inc., 374 F. App'x 257 (3d Cir. 2010), Plaintiff conceded that she did not suffer any adverse health effects from using lipsticks that allegedly contained lead in excess of FDA regulations. The Third Circuit concluded that Plaintiff "asserted only a subjective allegation that the trace amounts of lead in the lipsticks are unacceptable to her, not an injury-in-fact sufficient to confer Article III standing" and that Plaintiff failed to make "any allegation that she received a product that failed to work for its intended purpose or was worth objectively less than what one could reasonably expect." Id. at 259. Contrary to Plaintiff's contention, he has not shown that the Service Plan is unable to be utilized for its intended purpose because he has not shown that the power washer was excluded from coverage.

Similarly in Hosler v. Jeld-Wen, Inc., Civ. 10-3966, 2011 WL 4528378, at *4 (E.D. Pa. Sept. 30, 2011), the court found that plaintiff lacked standing because "[n]othing in the complaint suggests that the windows are not operating or performing properly." Plaintiff contends that the instant action is distinguishable because he has proffered evidence that the Service Plan will not perform properly because the power washer

23

is excluded from coverage. The only evidence Plaintiff proffered is insufficient to show that the power washer is excluded from coverage and consequently that the Service Plan will not perform properly.

Therefore, Plaintiff has adduced insufficient evidence for a reasonable jury to find that he suffered actual injury, and the risk of future harm is too speculative to establish injury-in-fact.

## IV. Conclusion

In light of the foregoing, the Court will grant Defendant's motion for summary judgment because Plaintiff has not carried its burden to establish standing. Plaintiff has adduced no evidence that the as-is power washer was not covered by a manufacturer's warranty and thus excluded from coverage under the Service Plan. Evidence in the record supports the inference that even if the power washer lacked a manufacturer's warranty, Defendant would refund the cost of the Service Plan or the purchase price of the item. Plaintiff has proffered no evidence to the contrary sufficient for a reasonable jury to find that he suffered injury-in-fact. Therefore, Defendant is entitled to summary judgment in its favor. An accompanying Order will be entered.

**February 20, 2014**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

24